## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024, | ) ) ) ) | |
| *Plaintiff,* | ) ) | Civil Action No. |
| v. | ) ) | |
| FEDERAL BUREAU OF<br> INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535-0001 | ) ) ) ) ) | |
| *Defendant.* | ) ) ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Federal Bureau of Investigation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest

mission, Plaintiff regularly serves FOIA requests on federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant is an agency of the United States government and is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On June 6, 2016, Plaintiff sent a FOIA request to Defendant seeking access to **"any and all records concerning, regarding, or relating to a deceased individual named Muhammad Ali, also known as Cassius Marcellus Clay Jr. […] As part of this request, Judicial Watch asks that the Federal Bureau of Investigation search its automated indices, its older general (manual) indices, and its Electronic Surveillance (ELSUR) Data Management System (EDMS)."**

6.      The request was served by Certified U.S. mail.  According to U.S. Postal Service records, the request was received by Defendant on June 8, 2016.

7.      By letter dated June 17, 2016, Defendant acknowledged receipt of Plaintiff's request and assigned it request No. 1352364-000. Defendant also informed Plaintiff that it would notify it of the results of the search in future correspondence.

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond fully to Plaintiff's June 6, 2016 FOIA request within twenty (20) working days or by July 5, 2016.

9.      As of the date of this Complaint, Defendant has failed to produce any records responsive to Plaintiff's FOIA request or demonstrate that responsive records are exempt from production.  Nor has Defendant indicated when or whether any responsive records will be produced.  To trigger FOIA's administrative exhaustion requirement, Defendant was required to

determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on June 8, 2016. Accordingly, Defendant's determination was due on or about July 6, 2016. At a minimum, Defendant was required to: (i) gather and review the requested documents; and (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings. *See, e.g., Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

10.     Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its June 6, 2016 FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA)

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendant has violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's FOIA request within the time limit required by 5 U.S.C. § 552(a)(6)(A).

13.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for and produce any and all non-exempt records responsive to Plaintiff's June 6, 2016 FOIA request, as well as a *Vaughn* index of allegedly exempt records responsive to the request by a date certain; (2) enjoin Defendant from continuing to withhold any and all non-exempt

records responsive to the May 3, 2010 FOIA request; (3) grant Plaintiff an award of attorney's

fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §

552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 16 , 2016                     Respectfully submitted,

                                            JUDICIAL WATCH, INC.

                                             _s/ Chris Fedeli_____
                                            Chris Fedeli
                                            D.C. Bar No. 472919
                                            425 Third Street, S.W., Suite 800
                                            Washington, DC  20024
                                            (202) 646-5172

                                            *Attorneys for Plaintiff*